UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHAWN DONNELL ROBINSON,    )
                           )
            Plaintiff,     )
                           )
v.                         )    No. 4:16-CV-1099 SNLJ
                           )
LORETTA LYNCH, et al.,     )
                           )
            Defendants,    )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 18 U.S.C. § 2520 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $10. *See* 28 U.S.C. § 1915(b). Additionally, this action is dismissed under 28 U.S.C. § 1915(e).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under *Bivens*, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is currently under prosecution by the United States on a charge of conspiracy to possess with intent to distribute in excess of one kilogram of heroin in violation of 21 U.S.C. §§ 846 & 841(a)(1). *United States v. Robinson*, No. 4:15-CR-100 HEA (E.D. Mo.). Although represented by counsel, plaintiff has filed several pro se motions in that action. *E.g.*, Motion for Order the [sic] U.S. Attorney and Homeland Security ICE Agents to drive at least 120 to 140 mile [sic] to discuss case on Shawn D. Robinson (Doc. No. 220). His motions to suppress have been denied by the Court.

In this case, plaintiff sues defendants in their official capacities. His allegations pertain to the investigation leading to the above-cited criminal action. He alleges that the ICE defendants violated the Federal Wiretap Act, 18 U.S.C. §§ 2510-22. His allegations are entirely conclusory in that he repeatedly claims that defendants "violated the law" and "illegally" wiretapped his communications and took his personal property. Many of his allegations are nonsensical. Mostly, he alleges that each of the agents conducting the investigation lied about his involvement in the alleged conspiracy.

**Discussion**

The allegations are legally frivolous because they are conclusory and fail to allege facts, which if proved, would entitle plaintiff to relief.

Additionally, plaintiff's *Bivens* claims are frivolous. Official-capacity against federal agents are equivalent to a suit against the United States. The United States, however, is immune from suit under the Eleventh Amendment.

2

The Wiretap Act, 18 U.S.C. § 2520, permits civil suits for damages by private actors for unlawful wiretaps or their disclosure. However, suits against the United States are prohibited. 18 U.S.C. § 2520(a). As a result, plaintiff's claims under the Act are frivolous.

For these reasons, this action is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $10 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 1st day of August, 2016.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).